**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES DELANCEY**<br>    *Plaintiff,* | **DOCKET NO. 2:22-cv-3715**<br><br>**JUDGE/SECTION:**<br>**MILAZZO/"H"** |
| **VERSUS** | |
| **UNITED PROPERTY & CASUALTY**<br>**INSURANCE COMPANY**<br>    *Defendant.* | **MAGISTRATE/DIVISION:**<br>**CURRAULT/ "2"** |

## AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, CHARLES DELANCEY, who respectfully represents to this Honorable Court as follows:

### I.    PARTIES

1.    Plaintiff, CHARLES DELANCEY ("Plaintiff") bring this Civil Action under 28 U.S.C. § 1332, *et seq.* Plaintiff is of majority age and citizens of the United States and resident of the State of Louisiana, St. Charles Parish.

2.    Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC"), is a foreign insurer organized and existing under the laws of the State of Florida with its principal place of business in Florida, which, at all times pertinent hereto, was conducting business in Louisiana.

3.    Defendant, LOUISIANA INSURANCE GUARANTY ASSOCIATION ("LIGA"), is a private nonprofit unincorporated legal entity obligated to pay this claim in accordance with La R.S. § 22:2051, et seq, domiciled in the parish of East Baton Rouge, State of Louisiana.

### II.    JURISDICTION & VENUE

4.    Jurisdiction originally existed in this Honorable Court pursuant to 28 U.S.C. §

1332(a) because (A) complete diversity of citizenship existed between Plaintiffs and the defendant UPC, and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue was proper pursuant to 28 U.S.C. Section 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

6. It is likely that the addition of LIGA as a defendant necessitates remand of this matter to Louisiana's 29th Judicial District Court for the Parish of St. Charles, where it was originally filed.

### III.    FACTS & ALLEGATIONS

7. Plaintiff is the owner of a home located at 147 Bayou Estates Dr., Des Allemands, LA 70030.

8. At the time the damages described herein were sustained due to Hurricane Ida, the Plaintiff had in full force and effect a policy of insurance with UPC providing coverage for all of the losses sustained by the Plaintiff to the Home, other structures, and contents, as well as for loss of use.

9. On August 29, 2021, Hurricane Ida came ashore near Port Fourchon, Louisiana and traveled through Orleans Parish as a Category 4 (near 5) hurricane. According to some estimates, it was the fifth strongest storm to ever impact the United States.

10. Hurricane Ida tied the Last Island Hurricane in 1856 and Hurricane Laura in 2020 as the strongest storms to strike Louisiana based on wind speed.

11. The President of the United States issued a Declaration of a Major Disaster for the State of Louisiana on August 29, 2021. (See FEMA-4611-DR.) The Declaration expressly includes Orleans Parish as an "adversely affected" area by this major disaster.

12.     Major Hurricane-force winds, with gusts over 155 mph, covered the entirety of Orleans Parish, and inflicted catastrophic damage throughout this Court's jurisdiction.

13.     The Plaintiff's home located at 147 Bayou Estates Dr., Des Allemands, LA 70030 (the "Home") received substantial damage from Hurricane Ida, including, but not limited to, roof damage, exterior damage, fence damage, pool damage, openings in the façade that allowed water intrusion, and additional damages associated with these factors.

14.     UPC inspected the Home on September 21, 2021, and claimed the damage to the Home was $37,573.57.

15.     Over the course of several months, Plaintiff submitted quotes and invoices for repair to the UPC adjuster at the email address he had been instructed to use, addressing different additional damages to his home.

16.     On March 17, 2022, more than sixty (60) days after the additional proofs of loss were submitted, UPC inspected home for a second time.

17.     Plaintiffs filed suit against UPC on August 29, 2022, alleging breach of contract, failure to properly adjust a claim, violations of La R.S. 22:1973 and 22:1892, as well as negligence and reckless disregard for its duties under the policy.

18.     Reinspection of the Home by UPC occurred on March 17, 2022, over 60 days after Plaintiffs provided proof of loss of additional property damage in violation of La R.S. 22:1892 and 22:1973.

19.     On September 19, 2022, undersigned counsel submitted an additional damage estimate and photos of damage to UPC's adjuster at the email address they had been instructed to use.

20.     Since the additional proof of loss submission made by undersigned counsel, no

payment of the claim has occurred.

21.      UPC became insolvent on February 27, 2023, as that term is defined by La. R.S. §
22:2055(7).

22.      Pursuant to La. R.S. 22:2068(A), a stay in this matter was effected for six months
from the date of insolvency, or until August 28, 2023.

23.      On September 21, 2023, this Court granted Plaintiff leave for the purpose of filing
an amended complaint to add LIGA.

24.      Because UPC was a member of the Louisiana Insurance Guaranty Association,
LIGA has a statutory obligation to Plaintiffs to assume UPC's defense and indemnity obligations.

## IV.    CAUSES OF ACTION

### Count 1 – The Insurance Policy

25.      The Plaintiff is entitled to recover from LIGA the sums needed to make full repairs
to the home and other structures in accordance with the insurance coverage they purchased from
UPC.

26.      The Plaintiff is also entitled to recover from LIGA for unpaid and/or underpaid
contents, loss of use, code upgrades, debris removal, and other applicable coverages in accordance
with the insurance policy Plaintiffs purchased from UPC.

### REQUEST FOR RELIEF

27.      WHEREFORE, Plaintiff, CHARLES DELANCEY, prays that, after due
proceedings are had, that there be a judgment rendered herein in Plaintiff's favor and against
Defendant, Louisiana Insurance Guaranty Association, for the full amounts due under the terms of
the coverages provided by UPC's insurance policy and for such other damages as would
reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the

fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate. Plaintiff further prays for all general and equitable relief.

Dated:  November 2, 2023                              All of which is respectfully submitted,

                                                                          */s/ Jeffrey P. Green*
                                                                          JEFFREY P. GREEN (LA Bar #30531)
                                                                          CAYCE PETERSON (LA Bar #32217)
                                                                          JIMMY COURTENAY (LA Bar #31681)
                                                                          GRANT WOOD (LA Bar #36302)
                                                                          **JJC Law LLC**
                                                                          3914 Canal St.
                                                                          New Orleans, Louisiana 70119
                                                                          T: (504) 513-8820
                                                                          jeff@jjclaw.com
                                                                          cayce@jjclaw.com
                                                                          jimmy@jjclaw.com
                                                                          grant@jjclaw.com
                                                                          Counsel for Plaintiff

## COMPLIANCE WITH LOCAL RULE 5.4 & 7.6

All parties to this civil action are electronic filers and will receive notice through the court's electronic filing system. As a matter of courtesy and professionalism, undersigned counsel affirms that an electronic copy of this filing has been provided to all counsel of record by e-mail.

                                                                           */s/ Jeffrey P. Green*
                                                                          Jeffrey P. Green